UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

**CESAR STAPLETON**,

                     Petitioner,                     **ORDER**

-against-                                                    23-CV-769 (AMD)

**CHRISTOPHER YEHL**,

                     Respondent.
------------------------------------------------------------X

**ANN M. DONNELLY,** United States District Judge:

On January 26, 2023, the *pro se* petitioner filed this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging his 1991 Kings County conviction for rape, sodomy and assault. (ECF No. 1.) On February 10, 2023, the petitioner paid the filing fee to commence this action. (ECF No. 5.) As explained below, the Court does not have jurisdiction to consider this petition, and the Clerk of Court is respectfully directed to transfer it to the United States Court of Appeals for the Second Circuit.

In March 1998, the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging this same conviction, which the Honorable Reena Raggi denied on the merits after an evidentiary hearing. *See Stapleton v. Greiner*, No. 98-CV-1971 (E.D.N.Y. December 20, 2021) (ECF No. 51.) On June 20, 2001, the United States Court of Appeals for the Second Circuit dismissed petitioner's appeal. (No. 98-CV-1971, ECF No. 65, Mandate No. 01-2063.) Years later, the petitioner filed a second habeas corpus petition, which the Court transferred to the to the United States Court of Appeals. *See Stapleton v. Kickbush*, No. 16-CV-5004 (E.D.N.Y. September 26, 2016) (ECF No. 5.) The Court of Appeals denied the petitioner leave to file a successive petition. (*Id.* at ECF No. 12, Mandate No. 16-3333.)

The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003). Because this is the petitioner's third attempt to challenge the same conviction, this Court lacks jurisdiction to address it on the merits and is required to transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *Torres*, 316 F.3d at 151-52 (citing *Liriano v. United States*, 95 F.3d 119, 121-23 (2d Cir. 1996) (*per curiam*)). Therefore, the petitioner must move in the United States Court of Appeals for the Second Circuit for permission to pursue this successive petition for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A).

## CONCLUSION

Accordingly, in the interest of justice, the Clerk of Court is respectfully directed to transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. If the Circuit authorizes the petitioner to proceed in this matter, the petitioner is directed to reopen under this docket number. The Clerk of Court is also directed to close this case.

**SO ORDERED.**

s/Ann M. Donnelly

———————————————
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       March 29, 2023